## The People v. Augustus Bane.

*Evidence—Opinions.*

1. In a suit involving the question whether a horse was afflicted with the disease known as "blind staggers" or not, a witness who saw the horse while suffering from an attack of said disease, as claimed, and who testifies to having had considerable experience with horses, and to having seen several who had the disease in question, which is common among horses, and with the symptoms of which he is familiar, is competent to give an opinion upon the disputed question.

2. A respondent on trial for cruelly mutilating a horse, and whose defense was that the animal had the blind staggers, for which bleeding was the usual remedy, called as a witness a veterinary surgeon, who, having stated on cross-examination that the respondent had described to him how the horse acted, was asked to give his opinion from the statements made whether the horse had the blind staggers or not. And it is held that it would have been proper to have given to the witness the conduct of the horse as stated by the respondent, and to have asked him if, in his opinion, the horse was afflicted with the disease; and that it was also competent to predicate the question upon the actions of the horse as described to the witness by the respondent.

Exceptions before judgment from Muskegon. (Dicker-

man, J.) Submitted on briefs November 11, 1891.   Decided
November 20, 1891.

Respondent was convicted of cruelly mutilating a horse.
Conviction affirmed.   The facts are stated in the opinion.

*Arthur Jones,* for respondent.

*A. A. Ellis,* Attorney General, and *Willard J. Turner,*
Prosecuting Attorney, for the people.

McGRATH, J.   Respondent was complained against
before a justice of the peace, under How. Stat. § 9391,
for cruelly mutilating a certain horse by slitting his ear,
and otherwise cutting said horse with a knife.   He was
convicted, and appealed to the circuit, where he was
again convicted, and comes here on exceptions before
sentence.

The testimony tended to show that respondent had
hitched the horse to a buggy in a hotel barn; that the
horse refused to s'art when told, threw its head, and
fell upon the floor, whereupon respondent jumped out
of the buggy, and angrily plunged the blade of his
pocket-knife into the roof of the horse's mouth; that,
the horse still refusing to go, the same thing was twice
repeated; that, because he still refused to go, respondent
cut a slit from one and a half to two inches and a half
in length in the horse's ear; that, being then unable to
start the horse, respondent jumped out and cut a slit
about three inches in length in one of the animal's fore-
legs; that the horse bled freely with each cutting; that
when asked by the officer, who then appeared upon the
scene, what was going on, respondent replied, "I am
putting my mark on this damned horse;" that respondent
was under the influence of liquor at the time, and, in
the course of the conduct described, said, addressing the

horse, "Damn you, if you get the start of me, it will be the first horse that ever did;" that immediately after his arrest respondent had given as a reason for his conduct that the horse was balky, and refused to go.

The defense was that the horse had the blind staggers, and that bleeding was the usual remedy.

Several errors are assigned upon the admission of testimony. A witness for the people, who was present at the time of the commission of the offense, was asked the following question:

"What is your opinion, from what you saw of this horse at that time, from your knowledge of horses, as to whether this horse was affected with blind staggers?"

Counsel for defendant objected on the ground that the witness had not shown himself qualified to answer. The objection was overruled, and the testimony admitted. The witness had testified that he had had considerable experience with horses, that he had seen several horses so afflicted, that he was familiar with the symptoms, and that blind staggers was a disease common among horses. There was no error in the ruling of the court.

Defendant called as a witness a veterinary surgeon, and examined him at length as to the symptoms attending this disease. On cross-examination he was asked if respondent had described to him how this horse acted, and the witness replied that he had. The witness was then asked and allowed to answer, under objection, the following question:

"What was your opinion, from what he related to you of the symptoms, of how the horse acted, as to whether the horse had the blind staggers or not?"

The ground of the objection was not stated. It would have been entirely proper to have given to the witness the conduct of the horse as stated by respondent, and then asked whether, in the opinion of the witness, the

horse was afflicted with that disease; and it was entirely competent to predicate the question upon the actions of the horse as described to the witness by the respondent.

Other errors are assigned upon extracted portions of the court's instructions to the jury, but the court gave all of defendant's requests, and the charge, taken as a whole, correctly stated the law.

There is no error in the record, and the same will be remanded, with instructions to proceed to judgment.

The other Justices concurred.